IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU, <br> ACTING SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> BYUN BROTHERS SALES, INC., <br> d/b/a B&B SALES, and RICHARD BYUN, <br><br> Defendants. | Civil Action No. 23-cv-2720 |

## COMPLAINT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Byun Brothers Sales, Inc., d/b/a/ B&B Sales, and Richard Byun, individually and as owner, officer, and manager of the aforementioned company, (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Byun Brothers Sales, Inc., ("Byun Brothers") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania. Byun Brothers's principal place of business is 2015 W Allegheny Ave, Philadelphia Pennsylvania, within the jurisdiction of this Court. Byun Brothers acts as a wholesaler, selling goods to small convenience stores.

3.      Defendant Richard Byun is the president, 50% owner, and a manager of Byun Brothers. Mr. Byun directed employment practices and has directly or indirectly acted in the interest of Byun Brothers in relation to its employees at all relevant times herein, including hiring and firing employees and setting company policies. Mr. Byun resides at 1887 Keyser Road, Lansdale, Pennsylvania, within the jurisdiction of this Court.

4.      Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on products, goods or materials that have been moved in or produced for commerce, such as Ginger Ale and A&W Root Beer bottled by Canada Dry Delaware Valley Bottling Co, located in Atlanta, Georgia. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

5.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

6.      For example, during the time period from at least March 22, 2021, through at least March 19, 2023, Defendants failed to compensate certain of their employees employed as baggers and loaders who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. During this time period, these employees worked at least one hour

in excess of forty per workweek, working an average of approximately 57 hours per workweek. Defendants paid their baggers and loaders a day rate that did not include overtime premium pay.

7. During the same time period, Defendants failed to compensate certain of their employees employed as general laborers who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rate. During this time-period, these employees worked at least one hour in excess of 40 per workweek, working an average of 57 hours per workweek. Defendants paid some of these general laborers a day rate and paid others a salary, neither of which included overtime premium pay.

8. Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants attempted to conceal their violations of the Act by paying employees in cash and failing to keep accurate records of those cash payments or the employees' hours worked.

9. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, Defendants failed to make, keep, and preserve adequate and accurate records of the hours worked and amounts paid to employees, in violation of 29 C.F.R. § 516.2(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 22, 2021, through at least March 19, 2023, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after March 19, 2023, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees;

(4) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5128 (voice) | */s/ Andrea Luby* |

(215) 861-5162 (fax)

luby.andrea@dol.gov

Date: July 7, 2023

By: Andrea Luby
PA ID # 321609

Attorneys for Plaintiff

## SCHEDULE A[1]

### Brothers Sales, Inc. d/b/a B & B Sales 1976183

Alejo Marcelino

Sergio

Fernando

Cristino

Pablo

Enrique

Alan De Jesus

Juan Luis

Jose Altagracia

Nestor

Go Alex

Han

Ji Su

Pieter

Moses

Erwin/Zwin

Yonatan

Jordy

Jose

Eduardo

Jose Antonio

---

[1] Some employees are identified only by partial names because their full names are currently unknown to the Secretary.